IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIMOTHY L. EVANS, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:13CV980 |
| | ) |
| BUTCH JACKSON, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Timothy L. Evans, Sr., a prisoner of the State of North Carolina, brings a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion to Dismiss [Doc. #6]. According to the decision on direct appeal in his case, on November 30, 2009, the Superior Court of Durham County entered a judgment against Petitioner for second-degree murder and sentenced him to 45 years of imprisonment. State v. Evans, No. COA10-511, 2011 WL 43259, at *1 (N.C. App. Jan 4, 2011). Petitioner did not seek discretionary review from the North Carolina Supreme Court. However, on November 17, 2011, Petitioner filed a Motion for Appropriate Relief (MAR) in Durham County. (Petition, § 11.) Upon denial of the MAR, he then filed a petition for certiorari in the North Carolina Court of Appeals, which denied certiorari on May 2, 2012. (Respondent's Brief [Doc. #7], Ex. 9.) On May 14, 2012, Petitioner filed a

petition for certiorari in the North Carolina Supreme Court, which dismissed that petition on June 13, 2012. State v. Evans, 748 S.E.2d 314 (N.C. 2012). On October 30, 2013, Petitioner purportedly signed, dated and mailed his current Petition, which the Court received on November 1, 2013. After being ordered to answer, Respondent filed his Motion to Dismiss.

## Petitioner's Claims

Petitioner raises four claims for relief in his Petition. He contends that several jurors in his case engaged in misconduct, that the prosecutor committed misconduct regarding the testimony introduced through witnesses, that he received ineffective assistance of counsel at trial, and that he also received ineffective assistance on appeal. (Petition, § 12.)

## Discussion

Respondent seeks dismissal on the grounds that Petitioner filed the Petition outside of the one-year limitations period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner does not appear to argue, and the record does not reveal, any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. All of Petitioner's claims would certainly have existed, and could have been uncovered through the exercise of due diligence, at the time his direct appeal concluded. Therefore, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Respondent asserts (Respondent's Brief at 3), and Petitioner does not dispute, that Petitioner's conviction became final on February 8, 2011, or 35 days after the January 4, 2011, denial of his direct appeal by the North Carolina Court of Appeals, when his time for seeking discretionary review from the North Carolina Supreme Court expired. See Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (M.D.N.C. 2004), appeal dismissed, 145 F. App'x. 444 (4th Cir. 2005). The limitations period then ran for 282 days until Petitioner filed his MAR in Forsyth County on November 17, 2011. At that point, the limitations period was tolled with 83 days left because attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing

3

to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, tolling ceased and the statute of limitations began to run again on May 2, 2012, when the North Carolina Court of Appeals denied Petitioner's certiorari petition. The deadline then expired 83 days later on Tuesday, July 24, 2012, without Petitioner having filed his Petition in this Court. In fact, the Petition is dated as having been signed and mailed on October 30, 2013, or more than a year later.

It is true that, during the period between May 14, 2012 and June 13, 2012, Petitioner filed a petition for certiorari with the North Carolina Supreme Court. However, only "properly filed" attempts at collateral relief toll the statute of limitations. 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000). "Although petitions seeking review by the North Carolina Supreme Court constitute a step in the state's direct appeal process, the North Carolina Court of Appeals represents the final step in the state's collateral review process, except in cases involving a death sentence or specified circumstances not present here." Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *5 (M.D.N.C. Sept. 28, 2010) (unpublished). Therefore, Petitioner's filing of the certiorari petition with the North Carolina Supreme Court did not toll the limitations period, id. (citing cases), and the Petition is out of time under § 2244(d)(1)(A).

Petitioner responds by raising two arguments that appear to be requests for equitable tolling, which the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added). Petitioner's first argument is that he consulted North Carolina Prisoner Legal Services concerning his case and that it declined to represent him, but did send him a pro se litigation manual which advised him that he must pursue his certiorari petition to the highest state court. This led him to pursue his certiorari petition in the North Carolina Supreme Court. However, unfamiliarity with the legal process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (unpublished) (citing Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished), and Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (unpublished)), adopted, slip op. (M.D.N.C. Nov. 4, 2011)). Further, Petitioner has submitted the manual supplied to him by Prisoner Legal Services, and that manual does not advise him that he needed to file the petition for certiorari with the North Carolina Supreme Court. Instead, both through a chart and text, it indicates that petitions for certiorari seeking review of the denial of an MAR by the trial court are to be filed with the North Carolina Court of Appeals except in first-degree murder cases involving the death penalty. (Petitioner's Response Brief [Doc. #10], Ex. 2, at ii, 8.) It makes no

5

mention of filing a second petition for certiorari with the North Carolina Supreme Court. Therefore, Petitioner cannot demonstrate any misadvice by Prisoner Legal Services.

Petitioner also argues that the late filing of his Petition in this Court was caused by the fact that he did not receive timely notice from the North Carolina Supreme Court notifying him that it dismissed his improperly-filed petition for certiorari. He contends that he did not receive notice of the dismissal until October of 2013, when he inquired as to the status of the certiorari petition. This argument fails because, for the reasons discussed above, that certiorari petition was not a proper filing. Petitioner cannot turn the State's handling, or alleged mishandling, of an improperly filed document into an event justifying equitable tolling. It was not the State's duty to advise Petitioner of his mistake, and the State did not affirmatively act to prevent Petitioner from filing in this Court.[1] Petitioner's equitable tolling arguments[2] fail, Respondent's Motion to Dismiss should be granted, and the Petition should be dismissed.

---

[1] When a document is properly filed in the state courts, a failure to notify a prisoner of a dismissal can lead to equitable tolling. See Hardy v. Quarterman, 577 F.3d 596 (5th Cir. 2009); Reece v. Swarthout, No. C 13-2515 SI (pr), 2013 WL 5937057 (N.D. Ca. Nov. 4, 2013) (unpublished). Therefore, it is critical in the present case that the certiorari petition Petitioner filed with the North Carolina Supreme Court was not such a properly-filed document.

[2] Petitioner also faults his appellate attorney for advising him not to file a petition for discretionary review with the North Carolina Supreme Court on direct appeal. However, under the calculations set out above, this advice did not affect the timeliness of his habeas petition.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #6] be granted, that the Petition [Doc. #1] be dismissed, and that this action be dismissed.

This, the 8th day of September, 2014.

                                                          /s/ Joi Elizabeth Peake
                                                       United States Magistrate Judge